## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>PUERTO RICO POLICE BUREAU, and<br>PROMOTIONS EXAMINATION BOARD,<br><br>Defendants. | Civil Action No. 3:18-cv-1300<br><br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiff United States of America ("United States") alleges the following:

1.      This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4334 ("USERRA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3.      Venue is proper in this district under 38 U.S.C. § 4323(c) because each of the Defendants is located in, and do business within, this judicial district.

4.      Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district.

### PARTIES

5.      Plaintiff is the United States of America.  The Attorney General of the United States is responsible for enforcing USERRA against States and State entities.

6.     Defendant Commonwealth of Puerto Rico ("Commonwealth") is a territory of the United States.  The Commonwealth of Puerto Rico is a State within the meaning of 38 U.S.C. § 4303(14).  The Commonwealth is an employer within the meaning of 38 U.S.C. § 4303(4)(A).

7.     Defendant Puerto Rico Police Bureau ("PRPB") is an agency of the Commonwealth of Puerto Rico and is the equivalent of the State Police for the Commonwealth Puerto Rico.  The PRPB is an employer within the meaning of 38 U.S.C. § 4303(4)(A).

8.     Defendant Commonwealth of Puerto Rico Promotions Examination Board ("PEB") is a necessary party pursuant to Fed. R. Civ. P. 19(a)(l)(A) in that, upon information and belief, the Court cannot provide complete relief in its absence as the PEB administers promotional examinations for the PRPB and establishes eligibility lists upon which promotions are based.

## FACTUAL ALLEGATIONS

### A.  <u>Factual Allegations Regarding Second Lieutenant Wilfredo Cruz Rivera</u>

9.     Wilfredo Cruz Rivera ("Second Lieutenant Cruz") has been a member of the Puerto Rico Army National Guard since 1989.

10.     Second Lieutenant Cruz began his employment with the PRPB as a police officer in 1994 and currently holds the rank of Second Lieutenant.

11.     Second Lieutenant Cruz was called to active duty military service during the following dates: September 5, 1989 to July 4, 1990; January 17, 2002 to October 13, 2002; February 11, 2013 to February 10, 2014; July 14, 2006 to January 10, 2008; April 25, 2010 to July 17, 2011; and April 23, 2012 to May 5, 2013.

12.     Second Lieutenant Cruz's first tour of active duty military service from September 5, 1989 to July 4, 1990 occurred prior to his employment with the PRPB.

13.     The active duty military orders for Second Lieutenant Cruz's deployments from April 25, 2010 to July 17, 2011 and from April 23, 2012 to May 5, 2013 were made "pursuant to 10 U.S.C. §12302 and Executive Order 13223 in Support of the World Trade Center and Pentagon attacks." Under the provisions of 38 U.S.C. § 4312(c)(4)(A) and (B), these periods of active duty are exempt from the five-year cumulative service limitation on reemployment rights under Title 38, United States Code, Chapter 43.

14.     Second Lieutenant Cruz's cumulative length of absence from employment with PRPB because of active duty military service is less than five years.

15.     On March 22, 2010, PRPB posted job announcement #2009-3 for a Second Lieutenant's promotion test, which was administered on June 19, 2010. At that time, Second Lieutenant Cruz held the position of Sergeant and was eligible for promotion to Second Lieutenant.

16.     On or before May 19, 2010, then-Sergeant Cruz submitted all documents necessary to apply and take the Second Lieutenant's promotion test under job announcement #2009-3.

17.      Sergeant Cruz received military orders for active duty service and served from April 25, 2010 until July 17, 2011.

18.     Sergeant Cruz was not able to take the Second Lieutenant's promotion test as scheduled on June 19, 2010 under announcement #2009-3 due to his active duty military service.

19.     On or about July 19, 2011, Sergeant Cruz was honorably discharged from active duty and was reemployed with PRPB in his regular position, Sergeant.

20.     Sergeant Cruz applied for a makeup Second Lieutenant's promotion test but received new active duty military orders before he was scheduled to take the makeup test.

21.     Sergeant Cruz received active duty military orders and served from April 23, 2012 until May 5, 2013.

22.     On or about May 15, 2013, Sergeant Cruz was honorably discharged from active duty and was reemployed with PRPB in his regular position, Sergeant.

23.     On May 31, 2013, Sergeant Cruz took a makeup Second Lieutenant promotional test under announcement #2009-3 and passed the test with a score of 66 out of 80.

24.     Eligible candidates who took and passed the Second Lieutenant's promotion test under job announcement #2009-3 as originally scheduled on June 19, 2010 and who are comparable to Second Lieutenant Cruz were promoted effective October 15, 2010 and have seniority as of that date.

25.     Even though Sergeant Cruz took and passed the examination on May 31, 2013, PRPB did not promote Second Lieutenant Cruz for almost two years.

26.     On February 9, 2015, PRPB notified Sergeant Cruz by letter that he was promoted to the rank of Second Lieutenant with an effective date of February 16, 2015.

27.     PRPB did not make Sergeant Cruz's promotion to Second Lieutenant effective as of October 15, 2010, the effective date of the promotions of other officers who took and passed the Second Lieutenant's promotion test as originally scheduled on June 19, 2010.

28.     On March 6, 2015, Second Lieutenant Cruz submitted a letter to PRPB requesting to take a First Lieutenant's promotion test from announcement #2012-2, dated May 2012, which was administered while Second Lieutenant Cruz was on active duty military leave and before Second Lieutenant Cruz took the Second Lieutenant's promotion test and received his promotion to Second Lieutenant.

29.     On April 24, 2015, PRPB denied Second Lieutenant Cruz's request to take the First Lieutenant promotional test.  According to PRPB, Second Lieutenant Cruz did not qualify to take the First Lieutenant examination because, at the time of the examination, Second Lieutenant Cruz did not have one (1) year of uninterrupted experience in the rank of Second Lieutenant.

30.     On May 28, 2015, Second Lieutenant Cruz filed a USERRA claim (PR-2015-00009-20-G) with DOL against PRPB after attempting on different occasions to have his promotion to  Second Lieutenant made effective as of  October 15, 2010, the promotion date for other employees who took and passed the test as originally scheduled on June 19, 2010.

31.     As a result of PRPB's failure to make Second Lieutenant Cruz's promotion effective as of October 15, 2010, Second Lieutenant Cruz lost the benefits of additional seniority including status, wages, pension, and benefits.

32.     Because of its failure to make Second Lieutenant Cruz's promotion to the rank of Second Lieutenant effective as of October 15, 2010, PRPB denied Second Lieutenant Cruz the opportunity to take the First Lieutenant promotional test.

33.     Had Second Lieutenant Cruz's promotion to Second Lieutenant been made effective as of October 15, 2010, Second Lieutenant Cruz would have been eligible to take the First Lieutenant's promotional examination from announcement #2012-2 because he would have had at least one (1) year of uninterrupted experience in the rank of Second Lieutenant.

34.     But for Second Lieutenant Cruz's active duty military service, Second Lieutenant Cruz would have taken the original Second Lieutenant promotion test on June 19, 2010 and been promoted to Second Lieutenant effective on October 15, 2010 along with others who took the originally scheduled test.  Second Lieutenant Cruz would then have served in the rank of Second

Lieutenant for well over one (1) year allowing him to take the First Lieutenant promotional test on or about August 4, 2012.   Second Lieutenant Cruz was not permitted to take the First Lieutenant promotion examination until December 6. 2016.  Although Second Lieutenant Cruz received a passing score on the test, he has not been promoted to the rank of First Lieutenant.

35.     As a result of PRPB's failure to make Second Lieutenant Cruz's promotion to Second Lieutenant effective as of October 15, 2010 and PRPB's denial of Second Lieutenant Cruz of the opportunity to take the First Lieutenant promotional test under announcement #2012-2 until December 6, 2016, PRPB denied Second Lieutenant Cruz of the opportunity to take a Captain's promotional examination under announcement #2015-2 which was administered on or about October 1, 2015.  As a result of these failures, Second Lieutenant Cruz lost the benefits of additional seniority including status, wages, pension, and benefits for the rank of Captain.

36.     Had Second Lieutenant Cruz's promotion to Second Lieutenant been made effective as of October 15, 2010, and had he taken the First Lieutenant's promotional examination under announcement #2012-2 and appropriately had the effective date of his First Lieutenant's promotion adjusted, he would have had the requisite three (3) years of uninterrupted experience in the rank of First Lieutenant to take the Captain's promotional test on October 1, 2015.

37.     But for Second Lieutenant Cruz's active duty military service, Second Lieutenant Cruz would have taken the original Second Lieutenant promotion test on June 19, 2010 and been promoted to Second Lieutenant effective on October 15, 2010 along with others who took the originally scheduled test.  Second Lieutenant Cruz would then have served in the rank of Second Lieutenant for well over one (1) year allowing him to take the First Lieutenant promotional test under announcement 2012-2 on or about August 4, 2012.  Second Lieutenant Cruz would then

6

have taken the First Lieutenant promotional test under announcement #2012-2 and been promoted to First Lieutenant effective on the appropriate date along with others who took the originally scheduled test.  He would then have served in the rank of First Lieutenant for three (3) years allowing him to take the Captain's promotional test on or about October 1, 2015.

38.     DOL's Veterans Employment and Training Service investigated Second Lieutenant Cruz's complaint (PR-2015-00009-20-G) that his rights under USERRA were violated, found that the complaint had merit, and unsuccessfully attempted to resolve the complaint informally.

39.     On or about January 7, 2016, DOL referred Second Lieutenant Cruz's complaint to the United States Department of Justice ("DOJ").

40.     Failure to recognize and give full effect to Second Lieutenant Cruz's promotion to Second Lieutenant as of October 15, 2010, to reflect with reasonable certainty the pay, benefits, seniority, pension, and other job perquisites that Second Lieutenant Cruz would have attained if not for Second Lieutenant Cruz's active duty military service, is a violation of USERRA.

41.     PRPB's violation of USERRA is willful or with reckless disregard.

### B.  Factual Allegations Regarding Sergeant Jose R. Bernal Martinez

42.     Jose R. Bernal Martinez ("Sergeant Bernal") has been a member of the Puerto Rico Army National Guard since June 26, 2007.

43.     Sergeant Bernal began his employment with the PRPB as a police officer in 2003 and currently holds the rank of Sergeant.

44.     Sergeant Bernal was called to active duty military service from November 27, 2011 to December 16, 2011 and from September 8, 2012 to August 18, 2013.

45.     Sergeant Bernal's cumulative length of absence from employment with PRPB because of active duty military service is less than five years.

46.     On September 6, 2011, PRPB posted job announcement #2011-1, for a Sergeant's promotion test which was administered on December 3, 2011.  Then-Officer Bernal was eligible to take the examination.

47.     On September 22, 2011, then-Officer Bernal submitted his application materials to take the Sergeant's promotion test under job announcement #2011-1.

48.     On or about October 23, 2011, Officer Bernal received active duty military orders and served from November 27, 2011 until December 16, 2011.

49.     Officer Bernal was not able to take the Sergeant's promotion test on December 3, 2011 under announcement #2011-13 due to his active duty military service.

50.     On or about December 19, 2011, Officer Bernal was honorably discharged from active duty and was reemployed with PRPB in his regular position, police officer.

51.     Upon Officer Bernal's reemployment, he applied to take the makeup Sergeant's promotion test under job announcement #2011-1, but a date was never provided to him.

52.     On August 1, 2012, Officer Bernal received active duty military orders and served from September 8, 2012 until August 18, 2013.

53.     On September 21, 2012, while Officer Bernal was on active duty, PRPB sent a letter notifying Officer Bernal that he needed to report to the Puerto Rico Police Criminal Justice College to take the Sergeant's promotion test on September 29, 2012.

54.     Officer Bernal was not able to take the Sergeant's promotion test on September 29, 2012 due to his active duty military service.

55.     On or about October 7, 2013, Officer Bernal was honorably discharged from active duty and was reemployed with PRPB in his regular position, police officer.

56.     On November 4, 2013, Officer Bernal submitted a letter to PRPB requesting to take the Sergeant's promotion test under job announcement #2011-1 that he was not able to take due to his active duty service.

57.     On January 16, 2014, Officer Bernal took the makeup Sergeant's promotion test under announcement #2011-1.

58.     On January 28, 2014, PRPB notified Officer Bernal by letter that he passed the Sergeant's promotion test under announcement #2011-1, with a score of 60 out of 80.

59.     On February 9, 2015, PRPB notified Officer Bernal by letter that he was promoted to the rank of Sergeant with an effective date of February 16, 2015.

60.     PRPB did not make Sergeant Bernal's promotion to Sergeant effective as of February 29, 2012, the effective date of the promotions of other officers who took and passed the Sergeant's promotion test as originally scheduled on December 3, 2011.

61.     On March 11, 2015, Sergeant Bernal filed a USERRA claim (PR-2015-00005-20-R) with DOL against PRPB, due to PRPB's failure to make his promotion to Sergeant effective as of February 29, 2012, the effective promotion date that other employees received who took and passed the test as originally scheduled on December 3, 2011.

62.     Eligible candidates who took and passed the Sergeant's promotion test under job announcement #2011-1 as originally scheduled on December 3, 2011 and are comparable to Sergeant Bernal were promoted effective February 29, 2012 and have seniority as of that date.

63.     As a result of PRPB's failure to make Sergeant Bernal's promotion effective as of February 29, 2012, Sergeant Bernal lost the benefits of additional seniority including status, wages, pension, and benefits.

64.     Had Sergeant Bernal received his promotion to Sergeant effective as of February 29, 2012, he would have received additional overtime pay thereafter due to his higher rate of pay as a Sergeant as opposed to the lower regular police officer rate of pay.

65.     In or about August 2015, Sergeant Bernal submitted an application to PRPB requesting to take a Second Lieutenant's promotion test under announcement #2015-4, dated October 1, 2015.

66.     On October 16, 2015, PRPB denied Sergeant Bernal's request to take the Second Lieutenant's promotional test.  According to PRPB, Sergeant Bernal did not qualify to take the Second Lieutenant's examination because, at the time of the examination, Sergeant Bernal did not have two (2) years of uninterrupted experience in the rank of Sergeant.

67.     Because of its failure to make Sergeant Bernal's promotion to the rank of Sergeant effective as of February 29, 2012, PRPB denied Sergeant Bernal the opportunity to take the Second Lieutenant promotional test.

68.     Had Sergeant Bernal's promotion to Sergeant been made effective as of February 29, 2012, Sergeant Bernal would have been eligible to take the Second Lieutenant's promotional examination from announcement #2015-4 because he would have had at least two (2) years of uninterrupted experience in the rank of Sergeant.

69.     But for Sergeant Bernal's active duty military service, Sergeant Bernal would have taken the original Sergeant's promotion test on December 3, 2011 and been promoted to Sergeant effective on February 29, 2012 along with others who took the originally scheduled

test.  Sergeant Bernal would then have served in the rank of Sergeant for well over two (2) years allowing him to take the Second Lieutenant's promotional test under announcement #2015-4, in or about 2015.  Sergeant Bernal was not permitted to take the Second Lieutenant's promotional test until December 6, 2016.  Although Sergeant Bernal received a passing score on the test, he has not been promoted to the rank of Second Lieutenant.

70.     DOL's Veterans Employment and Training Service investigated Sergeant Bernal's complaint (PR-2015-00005-20-G) that his rights under USERRA were violated, found that the complaint had merit, and unsuccessfully attempted to resolve the complaint informally.

71.     On or about October 23, 2015, DOL referred Sergeant Bernal's complaint to the DOJ.

72.     Failure to recognize and give full effect to Sergeant Bernal's promotion to Sergeant on February 29, 2012, to reflect with reasonable certainty the pay, benefits, seniority, and other job perquisites that Sergeant Bernal would have attained if not for Sergeant Bernal's active duty military service, is a violation of USERRA.

73.     PRPB's violation of USERRA is willful or with reckless disregard.

### C. Factual Allegations Regarding Sergeant Angel L. Martinez Toro

74.     Angel L. Martinez Toro ("Sergeant Martinez") began his employment with the PRPB as a police officer on March 29, 1996 and currently holds the rank of Sergeant.

75.     Sergeant Martinez was a member of the Puerto Rico Army National Guard from March 2000 until June 2012.

76.     On June 22, 2009, Sergeant Martinez received active duty military orders to serve from July 5, 2009 to June 8, 2012.

77.     Sergeant Martinez's cumulative length of absence from employment with PRPB because of active duty military service is less than five years.  At least one of Sergeant Martinez's active duty service periods, July 5, 2009 to July 15, 2010, is exempt from USERRA's five-year limitations period because Martinez was "ordered to or retained on active duty (other than for training) under any provision of law because of a war or national emergency declared by the President or the Congress."  *See* 38 U.S.C. § 4312(a) and (c)(4)(B).

78.     On September 6, 2011, PRPB posted job announcement #2011-1, for a Sergeant's promotion test which was administered on December 3, 2011.  Then-Officer Martinez was eligible to take the examination.

79.     Officer Martinez was not able to take the Sergeant's promotion test on December 3, 2011 under announcement #2011-13 due to his active duty military service.

80.     On or about July 13, 2012, Officer Martinez was honorably discharged from active duty and was reemployed with PRPB in his regular position, police officer.

81.     Upon Officer Martinez's reemployment, he applied to take the makeup Sergeant's promotion test under job announcement #2011-1.

82.     On October 3, 2012, Officer Martinez took the makeup Sergeant's promotion test under announcement #2011-1.

83.     On January 25, 2013, PRPB notified Officer Martinez by letter that he passed the Sergeant's promotion test under announcement #2011-1, with a score of 77 out of 80.

84.     On March 16, 2015, PRPB notified Sergeant Martinez by letter that he was promoted to the rank of Sergeant with an effective date of February 16, 2015.

85.     Even though Sergeant Martinez took the makeup Sergeant's examination on October 3, 2012 and was notified that he passed the examination on January 25, 2013, PRPB did not promote Sergeant Martinez for more than two years.

86.     PRPB did not make Sergeant Martinez's promotion to Sergeant effective as of February 29, 2012, the effective date of the promotions of other officers who took and passed the Sergeant's promotion test as originally scheduled on December 3, 2011.

87.     Sergeant Martinez's effective promotion date to Sergeant was approximately three years later than other officers who took and passed the Sergeant's promotion test as originally scheduled on December 3, 2011.

88.     On October 14, 2015, Sergeant Martinez submitted an application to PRPB requesting to take a Second Lieutenant's promotion test under announcement #2015-4, dated October 1, 2015.

89.     On October 16, 2015, PRPB denied Sergeant Martinez's request to take the Second Lieutenant's promotional test.   According to PRPB, Sergeant Martinez did not qualify to take the Second Lieutenant's examination because, at the time of the examination, Sergeant Martinez did not have two (2) years of uninterrupted experience in the rank of Sergeant.

90.     On October 27, 2015, Sergeant Martinez filed a USERRA claim (PR-2016-00001-20-G) with DOL against PRPB, due to PRPB's failure to promote him to the rank of Sergeant in a timely manner and to make his promotion effective as of February 29, 2012, the effective promotion date that other employees received who took and passed the test as originally scheduled on December 3, 2011.

91.     Eligible candidates who took and passed the Sergeant's promotion test under job announcement #2011-1 as originally scheduled on December 3, 2011 and are comparable to Sergeant Martinez were promoted on February 29, 2012 and have seniority as of that date.

92.     As a result of PRPB's failure to make Sergeant Martinez's promotion effective as of on February 29, 2012, Sergeant Martinez lost the benefits of additional seniority including status, wages, pension, and benefits.

93.     Because of its failure to make Sergeant Martinez's promotion to the rank of Sergeant effective as of February 29, 2012, PRPB denied Sergeant Martinez the opportunity to take the Second Lieutenant promotional test.

94.     Had Sergeant Martinez's promotion to Sergeant been made effective as of February 29, 2012, Sergeant Martinez would have been eligible to take the Second Lieutenant's promotional examination from announcement #2015-4 because he would have had at least two (2) years of uninterrupted experience in the rank of Sergeant.

95.     But for Sergeant Martinez's active duty military service, Sergeant Martinez would have taken the original Sergeant's promotion test on December 3, 2011 and been promoted to Sergeant effective on February 29, 2012 along with others who took the originally scheduled test.  Sergeant Martinez would then have served in the rank of Sergeant for well over two (2) years allowing him to take the Second Lieutenant's promotional test on under announcement #2015-4, in or about 2015.  Sergeant Martinez was not permitted to take the Second Lieutenant's promotional test until December 6, 2016.  Although Sergeant Martinez received a passing score on the test, he has not been promoted to the rank of Second Lieutenant.

96.     DOL's Veterans Employment and Training Service investigated Sergeant Martinez's complaint (PR-2016-00001-20-G) that his rights under USERRA were violated,

found that the complaint had merit, and unsuccessfully attempted to resolve the complaint informally.

97.     Failure to recognize and give full effect to Sergeant Martinez's promotion to Sergeant on February 29, 2012, to reflect with reasonable certainty the pay, benefits, seniority, and other job perquisites that Sergeant Martinez would have attained if not for Sergeant Martinez's active duty military service, is a violation of USERRA.

98.     On or about June 22, 2016, DOL referred Sergeant Martinez's complaint to the DOJ.

99.     PRPB's violation of USERRA is willful or with reckless disregard.

### D. <u>Factual Allegations Common to All Service Members' Claims</u>

100.     On April 15, 2016, PRPB issued an updated policy regarding USERRA.  The policy states that service members who miss promotional examinations because of their active duty service must be allowed to take the promotional examination upon their return.

101.     The April 15, 2016 USERRA policy fails to mention anything regarding making promotions effective on the date that the service member would have been promoted absent his or her military service for those who miss a promotional examination because of military service but are later promoted.

102.     PRPB is aware of its obligation under USERRA to adjust the effective date of promotions for service members who miss the opportunity to take a promotional examination but who take the examination upon their return from active duty and are promoted later.

103.     PRPB previously adjusted the effective date of a promotion on at least one prior occasion.  In 2003, Second Lieutenant Cruz missed the opportunity to take a promotional examination for the rank of Sergeant because he was on active duty military service.  Upon his

return from active duty in 2004, Cruz took and passed a makeup Sergeant's promotional examination.

104.     On this occasion, PRPB promoted Cruz to the rank of Sergeant and adjusted the effective date of the promotion by almost eighteen months.  On February 1, 2008, PRPB notified Cruz by letter that he was promoted to the rank of Sergeant effective October 1, 2006.

105.     All conditions precedent to the filing of this suit have been performed or have occurred.

## COUNT I
### (Violation of USERRA)

106.     The United States repeats the allegations in paragraphs 1 through 105.

107.     By its conduct, the Defendants violated and continue to violate 38 U.S.C. §§ 4312-13, among other ways, by:

a.     failing to adjust and recognize and give full effect to Second Lieutenant Cruz's effective promotion date to Second Lieutenant on October 15, 2010 – the date he would have been promoted to Second Lieutenant but for his military service – thereby denying Second Lieutenant Cruz proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

b.     denying Second Lieutenant Cruz the opportunity to take the makeup First Lieutenant's promotional examination under announcement #2012-2 until December 6, 2016, thereby continuing to deny Second Lieutenant Cruz proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

c. denying Second Lieutenant Cruz the opportunity to take the makeup Captain's promotional examination under announcement #2015-2, thereby continuing to deny Second Lieutenant Cruz proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

d. failing to adjust and recognize and give full effect to Sergeant Bernal's effective promotion date to Sergeant on February 29, 2012 – the date he would have been promoted to Sergeant but for his military service – thereby denying Sergeant Bernal proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

e. denying Sergeant Bernal the opportunity to take the makeup Second Lieutenant's promotional examination under announcement #2015-4 until December 6, 2016, thereby continuing to deny Sergeant Bernal proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service;

f. failing to adjust and recognize and give full effect to Sergeant Martinez's effective promotion date to Sergeant on February 29, 2012 – the date he would have been promoted to Sergeant but for his military service – thereby denying Sergeant Martinez proper reemployment with the seniority, status, and benefits he would have enjoyed but for his military service; and

g. denying Sergeant Martinez the opportunity to take the makeup Second Lieutenant's promotional examination under announcement #2015-4 until

December 6, 2016, thereby continuing to deny Sergeant Martinez proper

reemployment with the seniority, status, and benefits he would have

enjoyed but for his military service.

**PRAYER FOR RELIEF**

108.    The United States prays that the Court enter judgment against the PRPB, the

Commonwealth, and the PEB and grant the following relief:

a.    declare that the Defendants' failure to adjust, recognize and give full effect

to Second Lieutenant Cruz's promotion to Second Lieutenant as of

October 15, 2010 was in violation of USERRA;

b.    declare that the Defendants' denial of Second Lieutenant Cruz's request to

take the First Lieutenant's promotion test (or makeup test) under

announcement #2012-2 until December 6, 2016 was in violation of

USERRA;

c.    declare that the Defendants' denial of Second Lieutenant Cruz of the

opportunity to take the Captain's promotion test (or makeup test) under

announcement #2015-2 was in violation of USERRA;

d.    declare that the Defendants' failure to adjust, recognize and give full effect

to Sergeant Bernal's promotion to Sergeant as of February 29, 2012 was in

violation of USERRA;

e.    declare that the Defendants' denial of Sergeant Bernal's request to take the

Second Lieutenant's promotion test (or makeup test) under announcement

#2015-4 until December 6, 2016 was in violation of USERRA;

f.   declare that the Defendants' failure to adjust, recognize and give full effect to Sergeant Martinez's promotion to Sergeant as of February 29, 2012 was in violation of USERRA;

g.   declare that the Defendants' denial of Sergeant Martinez's request to take the Second Lieutenant's promotion test (or makeup test) under announcement #2015-4 until December 6, 2016 was in violation of USERRA;

h.   declare that the violations described in "a" through "g" above were willful;

i.   order Defendants to comply with USERRA by:

(1)   adjusting the effective date for Second Lieutenant Cruz's promotion to Second Lieutenant to October 15, 2010 and awarding all income and benefits due, including but not limited to wages, overtime, leave, pension, and health care benefits, as a result of changing his promotion date;

(2)   promoting Second Lieutenant Cruz to First Lieutenant based on his score on the promotion test under announcement #2012-2, administered on December 6, 2016;

(3)   adjusting  Second Lieutenant Cruz's promotion date to First Lieutenant to be effective as of October 26, 2012, the date that corresponds to that of others who took and passed the First Lieutenant's examination under announcement #2012-2 as originally scheduled and are similar to Second Lieutenant Cruz;

(4)    providing Second Lieutenant Cruz with all of the rights, benefits (including, but not limited to, backpay, wages, overtime, leave, pension, and health care benefits), and seniority that Second Lieutenant Cruz would have enjoyed if he had been permitted to take the examination under announcement #2012-2 as originally scheduled and had been promoted to First Lieutenant as of October 26, 2012;

(5)    providing Second Lieutenant Cruz with a makeup Captain's promotion test for announcement #2015-2, including reasonable time to prepare for the examination;

(6)    should Second Lieutenant Cruz's score merit it, placing him on the eligibility list that resulted from the Captain's promotional examination under announcement #2015-2 as originally scheduled;

(7)    should Second Lieutenant Cruz's score merit it, assigning Second Lieutenant Cruz a promotion date that corresponds to that of others who took and passed the Captain's examination under announcement #2015-2 as originally scheduled and are similar to Second Lieutenant Cruz;

(8)    should Second Lieutenant Cruz's score merit it, providing Second Lieutenant Cruz with all of the rights, benefits (including, but not limited to, backpay, wages, overtime, leave, pension, and health care benefits), and seniority that Second Lieutenant Cruz would have enjoyed if he had been permitted to take the Captain's

examination under announcement #2015-2 as originally scheduled and had achieved the same score;

(9)     adjusting the effective date of Sergeant Bernal's promotion date to February 29, 2012, and awarding all income and benefits due, including but not limited to wages, overtime, leave, pension, and health care benefits, as a result of changing his promotion date;

(10)    promoting Sergeant Bernal to the position of Second Lieutenant under announcement #2015-4, administered on December 6, 2016;

(11)    adjusting Sergeant Bernal's promotion date to be effective as of February 16, 2016 the date that corresponds to the promotion date of others who took and passed the Second Lieutenant's examination under announcement #2015-4 as originally scheduled and are similar to Sergeant Bernal;

(12)    providing Sergeant Bernal with all of the rights, benefits (including, but not limited to, backpay, wages, overtime, leave, pension, and health care benefits), and seniority that Sergeant Bernal would have enjoyed if he had been permitted to take the examination under announcement #2015-4 as originally scheduled and promoted to Second Lieutenant as of February 16, 2016;

(13)    adjusting the effective date of Sergeant Martinez's promotion to Sergeant to be February 29, 2012, and awarding all income and benefits due, including but not limited to wages, overtime, leave,

pension, and health care benefits, as a result of changing his promotion date;

(14)   promoting Sergeant Martinez to the position of Second Lieutenant under announcement #2015-4, administered on December 6, 2016;

(15)   adjusting Sergeant Martinez's promotion date to be effective as of February 16, 2016 the date that corresponds to the promotion date of others who took and passed the Second Lieutenant's examination under announcement #2015-4 as originally scheduled and are similar to Sergeant Martinez; and

(16)   providing Sergeant Martinez with all of the rights, benefits (including, but not limited to, backpay, wages, overtime, leave, pension, and health care benefits), and seniority that Sergeant Martinez would have enjoyed if he had been permitted to take the examination under announcement #2015-4 as originally scheduled and promoted to Second Lieutenant as of February 16, 2016;

j.   award Second Lieutenant Cruz, Sergeant Bernal, and Sergeant Martinez prejudgment interest on their respective amounts of lost wages and benefits found due, 38 U.S.C. § 4323;

k.   award Second Lieutenant Cruz, Sergeant Bernal, and Sergeant Martinez liquidated damages, respectively, 38 U.S.C. § 4323;

l.   order Defendants to revise their USERRA policies and supplement their mandatory training for all employees, supervisors, and hiring personnel

regarding USERRA law and their revised USERRA policies within twelve (12) months of the date of this order;

m.    enjoin Defendants from failing to adjust the effective date of promotions of any uniformed services members who miss promotional examinations because of their active duty military service, but take the promotional examinations upon their return and are later promoted; and

n.    award such additional relief as justice may require, together with the costs and disbursements in this action.

Dated: May 18, 2018               Respectfully submitted,

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

DELORA KENNEBREW
Chief

ANDREW G. BRANIFF
Special Litigation Counsel

By:    */s/ Sonya L. Sacks*
       */s/ Louis Whitsett*
       SONYA L. SACKS
       (Government Attorney No. G01714)
       LOUIS WHITSETT
       (Government Attorney No. G02805)
       *Senior Trial Attorneys*
       U.S. Department of Justice
       Civil Rights Division
       Employment Litigation Section
       950 Pennsylvania Avenue, NW, PHB - 4024
       Washington, DC 20530
       Telephone: 202-305-7781
       Facsimile: 202-514-1005
       Email: Sonya.Sacks@usdoj.gov
       Email: Louis.Whitsett@usdoj.gov

       Attorneys for the United States

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

United States of America

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Sonya L. Sacks, Louis Whitsett; United States Department of Justice, Civil Rights Division; 950 Pennsylvania Avenue, NW; PHB Room 4024; Washington, DC 20530; (202) 305-7781

## DEFENDANTS

Commonwealth of Puerto Rico, Puerto Rico Police Bureau, and Promotions Examination Board

County of Residence of First Listed Defendant   San Juan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Joel Torres Ortiz, Esq., Puerto Rico Department of Justice, Federal Litigation Division, P.O. Box 9020192, San Juan, Puerto Rico 00902-0192; (787) 721-2900 ext. 2647

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
38 U.S.C. sec. 4301, et seq (Uniformed Services Employment and Reemployment Rights Act of 1994)(USERRA)
Brief description of cause:
Defendants violated employment rights of Army National Guard members by failing to retroactively promote them

## VII.  REQUESTED IN   COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
unspecified

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S)   IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
05/18/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Sonya L. Sacks

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):   Sacks, Sonya L.

USDC-PR Bar Number:   G01714

Email Address:   sonya.sacks@usdoj.gov

1.   Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

    Plaintiff:   United States of America

    Defendant:   Commonwealth of Puerto Rico

2.   Indicate the category to which this case belongs:

    ☒  Ordinary Civil Case

    ☐  Social Security

    ☐  Banking

    ☐  Injunction

3.   Indicate the title and number of related cases (if any).

4.   Has a prior action between the same parties and based on the same claim ever been filed before this Court?

    ☐  Yes

    ☒  No

5.   Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

    ☐  Yes

    ☒  No

6.   Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

    ☐  Yes

    ☒  No

Date Submitted:   05/18/2018

rev. Dec. 2009

Print Form      Reset Form

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL NO. 3:18-cv-1300** |
| **COMMONWEALTH OF PUERTO RICO, PUERTO RICO POLICE BUREAU, and PROMOTIONS EXAMINATION BOARD.** | |
| **Defendants.** | |

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that, on May 18, 2018, I sent via electronic mail the foregoing

COMPLAINT, including all attachment(s) and/or exhibit(s) to it, to the following:

Joel Torres Ortiz, Esq.
Puerto Rico Department of Justice
Federal Litigation Division
P.O. Box 9020192
San Juan, PR 00902-0192
Email: joeltorres@justicia.pr.gov

*Attorney for Defendants Commonwealth of Puerto Rico, Puerto Rico Police Bureau, and Promotions Examination Board*

 /s/ *Sonya L. Sacks*
SONYA L. SACKS
(USDC-PR No. G01714)
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section